

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00128-CR

———————————————

EX PARTE GREGORY LYNN ALLEN

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. C-D372-W011815-1589063-A

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

On January 27, 2020, the trial court sentenced Appellant Gregory Lynn Allen to twelve years' confinement for robbery causing bodily injury. *See* Tex. Penal Code Ann. § 29.02. No motion for new trial was filed, so Allen's notice of appeal was due February 26, 2020, but was not filed until June 16, 2022. *See* Tex. R. App. P. 26.2(a)(1). From Allen's notice of appeal and other documents filed with it, we see that he filed an Article 11.07 application for a post-conviction writ of habeas corpus and that he may attempt to appeal the trial court's order recommending its denial. *See* Tex. Code Crim. Proc. Ann. art. 11.07. But we have no jurisdiction over post-conviction applications under Article 11.07 of the Code of Criminal Procedure. *See id.*; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (stating that the Texas Court of Criminal Appeals is the "only court with jurisdiction in final post-conviction felony proceedings"); *Leyhe v. State*, No. 02-20-00154-CR, 2021 WL 126369, at *1 (Tex. App.—Fort Worth Jan. 14, 2021, no pet.) (mem. op.) ("We do not have jurisdiction over matters related to post[-]conviction relief from an otherwise final felony conviction.").

On June 24, 2022, and September 1, 2022, we notified Allen of our concern that we lack jurisdiction over his appeal and stated that unless he filed a response showing grounds for continuing the appeal, we would dismiss it. *See* Tex. R. App. P. 44.3. We received no response from Allen.

If Allen intends this as an appeal from his conviction, we do not have jurisdiction over it because Allen's notice of appeal was not timely. *See* Tex. R. App. P. 25.2(b), 26.2(a)(1) (stating that a defendant has thirty days after the imposition of a sentence to file a notice of appeal), 43.2(f); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993) (discussing the rule of appellate procedure that preceded Rule 26.2, which likewise required the filing of a notice of appeal within thirty days after the imposition of a sentence, and dismissing an untimely appeal for want of jurisdiction). Because a timely notice of appeal is an essential component of our jurisdiction, we dismiss the appeal. *See* Tex. R. App. P. 25.2(b), 26.2(a)(1), 43.2(f). If Allen is intending to appeal from the trial court's order recommending denial of post-conviction habeas relief, we do not have jurisdiction over such an appeal.[1] *See* Tex. Code Crim. Proc. Ann. art. 11.07; *Ater*, 802 S.W.2d at 243; *Leyhe*, 2021 WL 126369, at *1. We therefore dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 15, 2022

---

[1] On November 25, 2020, the Texas Court of Criminal Appeals denied Allen's application without written order.